Steven Bernal, Pro se litigant.

C.D.C.#T-53154.

P.B.S.P., P.O. Box 7500

CRESCENT CITY, CA. 95532



555

64
CRB

UNITED STATES DISTRICT COURT.

NORTHERN DISTRICT OF CALIFORNIA.

STEVEN BERNAL

petitioner

v.

ROBERT HOREL. "WARDEN"

S. BRADLEY "R&R. Sgt.

CE, DUCART "CPT. CEN. SERV."

defendants.

CASE NO:  **CV 08    00644**

**CRB**

Complaint UNDER CIVIL RIGHTS ACT

42 U.S.C. §1983; DEMAND for Jury

Trial; SUMMONS.

<u>Exhaustion of Administrative Remedies</u>

I.

1. I, petitioner, steven Bernal am confined at

Pelican Bay state Prison, crescent City CA. 95532.

1.

Pelican Bay state Prison; S. BRADLEY, R&R. Sgt employed

at Pelican Bay state prison; C.E. OUCART; CAPTAIN of

CENTRAL SERVICES employed at Pelican Bay state Prison.

III.

## STATEMENT of FACTS

1. on April 26, 2007, 17 books and 1 calender were

mailed to me from the University of Puerto Rico and

processed into Pelican Bay prison through its recieving

and Release department (Hereafter R&R).


2. on April 27, 2007, A property disposition form was given

to me (plaintiff) by R&R, through my Housing unit C.O's

(NOT named in suit), explaining that the books were

disallowed Because they come from a non-approved

vender and that some books were used.

2. Pelican Bay prison contains a grievance procedure.

3. The claims herein have been presented through

Pelican Bays administrative grievance procedures.

4. INFORMAL LEVEL: Appeal denied, 5-2-07.

5. FORMAL LEVEL: DENIED, Log # P.B.S.P.-B07-01027;. 5-14-07.

6. second level. DENIED, Log # P.B.S.P.-B07-0127.; 6-13-07.

7. Third LEVEL. DENIED; IAB. No: 0617345.; 9-23-07.

8. Third level review is the highest level of review.

II

## PARTIES

1. <u>Plaintiff</u> : STEVEN Bernal C.O.C.# T-53154.

Pelican Bay STATE Prison, P.O.B. 7500, CRESCENT CITY,

C.A. 95532.

2. <u>Defendants</u> : Robert Horel, warden employed at

3. On April 30, 2007, I appealed for administrative review of the disallowed books, on the grounds that the University of Puerto Rico meets the requirements of approved venders and that the policy initiated by P.B.S.P. prohibiting donations of "used" books is unconstitutional

4. On May 8, 2007 I was interviewed by R&R Sgt. S, Bradley, He informed me that not all the books were "used" but he was unsure where and who mailed the books to me.

5. I asked Sgt. S. Bradley how did he determine the books were "used". He replied that they were stamped "University of Puerto Rico."

6. I then asked Sgt. S. Bradley that if the postmark shows the books come from the University and the books are stamped "University of Puerto Rico", How could he question

4.

where and who sent them. He replied that "that doesn't

matter, they dont meet institutional policy because some

books are "used"?

7. Sgt. S. Bradley denied my appeal to recieve the books and the

calender.

8. Captain C.E. Ducart approved Sgt. S. Bradleys denial of my

appeal.

9. on May 21, 2007, I appealed for wardens level of review, to Robert

Horel under the same issues presented to Sgt. S. Bradley.

10. this appeal was denied June 13, 2007.

11. On June 18, 2007, I submitted an appeal to the director

of corrections: chief N. GRANNIS.

12. This appeal was denied on september 23, 2007

5.

IV

## Request for Relief.

1. <u>injunctive relief</u>: issue an injunction ordering warden Robert

Horel of P.B.S.P. To amend his institutional policy "operational

Procedure Rule 806"; To allow the donation of "used" books

as well as new Books To inmates by Universities and all

other organizations approved by CA. Codes & Regulations Title

15, § 3138 (F)(1).

2. <u>Compensatory damages</u>: Award compensatory damages in

the following amounts.

A. $ 2,300  jointly and severally against defendants

Horel, Bradley, and Ducart for The worth of the

17 university Text books disallowed and emotional stress

sustained as a result.

B. Grant such other relief as it may appear that

plaintiff is entitled.


Respectfully submitted

DATED: 12-12-07

STEVEN Bernal C.DC.# T-53154.
Pelican Bay STATE prison
P.O. Box 7500
CRescent City. CA. 95532.
Pro se LiTigant.

7.

STEVEN BERNAL, Pro se Petitioner

C.D.C.#T-53154.

P.B.S.P., P.O. BOX 7500

CRESCENT CITY. CA. 95532.


UNITED STATES DISTRICT COURT.

NORTHERN DISTRICT COURT of CALIFORNIA.


STEVEN BERNAL.

       Petitioner

   V.

ROBERT HOREL. WARDEN·

S. BRADLEY. R&R. SGT.

C.E. DUCART, GEN. SERV. CPT.

      Defendants.

CASE NO:

  DEMAND for Jury Trial;

  SUMMONS.


## Preliminary STATEMENT

This is a civil rights action filed by Steven Bernal, a

California State prisoner for damages and injunctive relief

under 42 U.S.C. §1983; alleging the censureship of 17 books

donated To plaintiff by the University of Puerto Rico is in

8.

violation of the first Amendment To The United States constitution.

## Jurisdiction

1. This Court has jurisdiction over the plaintiffs claims

of violation of federal constitutional rights under

42. U.S.C. §1343 (a)(3)-(4)(2000).

## Parties

2. The plaintiff is and was incarcerated at Pelican

Bay State prison, during the events described in this

complaint.

3. Defendant Robert Horel is the warden at Pelican

Bay State Prison and is responsible for reviewing administrative

appeals regarding disallowed property as well as establishing

policy procedures concerning the procurement of Books. He

is sued in his individual and official capacities.

4. Defendant: S. Bradley is the recieving and release (R&R)

SERGEANT. IN Pelican Bay prison. He is responsible for inspecting

and allowing publications and packages into the prison. He is

sued in his individual and official capacities.

5. Defendant. C.E. DUCART. is the CENTRAL SERVICES CAPTAIN.

He is responsible for reviewing administrative appeals in

the first level and their decisions. He is sued in his

individual and official capacities.

### facts.

6. On April 26, 2007, 17 text books and 1 calender were

mailed to me (plaintiff) from the university of PUERTO

Rico, and processed into the prison by the prison's recieving

and release department.

7. On April 27, 2007, A property disposition form was given to

the plaintiff by plaintiffs housing unit officers (NOT NAMED

in suit), explaining that the 17 text books were

censured because they come from a non-approved

vender and because some books were "used".

8. The plaintiff appealed this decision through the

administrative grievance procedures on April 30, 2007.

## CENSURESHIP of TEXT Books.

9. On May 8, 2007 the plaintiff was interviewed by R&R

Sgt. S. Bradley regarding two aspects of plaintiff's

appeal. 1) The university of Puerto Rico is an approved

vender and 2) the prison policy of disallowing "used"

Books by approved venders violates first Amendment

rights.

9. The plaintiff tried to explain to R&R Sgt. S. Bradley

the university of Puerto Rico is an approved vender

so what difference does it make if some books were "used." There is no security risk or added economic strain placed on the prison. R&R Sgt. S. Bradley did not respond.

10. The plaintiff then questioned the validity and effect such a policy has on him in lieu of his status as an indigent inmate; whereas he has no other means to recieve the Puerto Rican history, cultural, and political matierials (books) and such a policy knowing that the prison does not contain such subjects in its libraries or educational programs directly impedes his rehabilitation through education relevant to his community outside the prison. Sgt. S. Bradley did not respond.

11. Sgt. S. Bradley denied plaintiffs appeal on the basis that

The institution head (warden) is in charge of Local

procedures concerning disallowed property, therefore under

operational procedure 806, inmates may only recieve "new"

books from approved venders. (see attached exhibit).

12. Sgt. S. Bradley's written denial was approved and signed

by CENTRAL SERVICES CAPTAIN, C.E. DUCART, who reitterated

"The books are being denied based on the fact that they

are "used", it is noted not all the books are used..."

(see attached exhibits).

13. Due to the findings stipulated by R&R Sgt. S. Bradley

I appealed for a warden's level of review, i asked that

since the books are being denied because some are "used"

if i could recieve the books that are not "used."

14. In the appeal for warden's level of review I also

13.

challenged the constitutionality of the operational

procedure Rule 806, since mandating that all books

from approved venders must be new limits the

plaintiff as an indigent inmate to only read the

books available in the prison library, which do not

contain university level text books on latin American

or caribbean culture, history, or politics, effectively

preventing the plaintiff from obtaining rehabilitation

through education related to plaintiffs heritage and

community outside of prison.

15. On June 13, 2007, the appeal was decided by warden

Robert Horel, partially granting the appeal in only

allowing the plaintiff to recieve the university

calender.

16. In Warden Robert Horels appeal decision, he states

that there was no evidence that the website of

the university of Puerto Rico i provided to Sgt.

S. Bradley conducted mail order buisness. (The

website is in spanish and no mention if any

defendant speaks spanish was provided).

17. WARDEN Robert Horel also stated that institutional

policy remains inmates may only recieve new books.

Robert Horel denied my requests to recieve the university

books.

18. On June 18, 2007 i appealed to the highest level of

review, the Department of Corrections under two grounds:

1) 17 university books were wrongly censored under

the error that the university of puerto Rico is not

15.

an approved vender and 2). Pelican Bay prison's policy

of prohibiting inmates from recieving "used" books from

approved venders is a violation of the first Amendment

right of the U.S. Constitution.

19. On September 23, 2007, A decision to deny the plaintiffs

appeal was reached, Reciting the wardens authority

to create Pelican Bay prison policy.

## Relief Requested

20. wherefore plaintiff requests that the court grant

the following:

A. injunctive relief: issue an injunction ordering

Robert Horel (warden) to amend operational

procedure 806 to allow inmates to recieve

old or "used" as well as new books from

approved venders. under C.C.R. Title

15. § 3138 (f)(i).

B. <u>Compensatory damages</u>: $ 2,300 jointly

and severally against defendants Harel,

Bradley, and ducart for the worth of the

17 university Books and emotional stress

caused by defendants censuring the books

mailed To plaintiff.

C. Grant such relief as it may appear that

plaintiff is entitled.

Respectfully Submitted.

plaintiff.

DATED: 12-12-07.

Steven Bernal.

C.D.C.# T-53154.

P.B.S.P. P.O. Box 7500

CRESCENT CITY, CA.95532

17.



Description: Pelican Bay's administrative appeal
filed by plaintiff and decisions reached
in all 3 levels.

pgs # 14.

STATE OF CALIFORNIA
DEPARTMENT OF CORRECTIONS AND REHABILITATION
INMATE APPEALS BRANCH
P. O. BOX 942883
SACRAMENTO, CA  94283-0001

# DIRECTOR'S LEVEL APPEAL DECISION

SEP **2 3** 2007

Date:

In re:    Bernal, T-53154
Pelican Bay State Prison
P.O. Box 7000
Crescent City, CA  95531-7000

IAB Case No.:  0617345          Local Log No.:  PBSP  07-01027

This matter was reviewed on behalf of the Director of the California Department of Corrections and Rehabilitation (CDCR) by Appeals Examiner R. Pimentel, Facility Captain. All submitted documentation and supporting arguments of the parties have been considered.

**I    APPELLANT'S ARGUMENT:**  It is the appellant's position that the Pelican Bay State Prison (PBSP) is inappropriately denying him the ability to obtain books. The appellant asserts that he ordered books from the University of Puerto Rico, but the PBSP refused to issue him the books. The appellant requests that PBSP issue him the books that he ordered.

**II    SECOND LEVEL'S DECISION:**  The reviewer found that the appellant's appeal has been thoroughly investigated and the appellant was afforded an interview. The Second Level of Review (SLR) advised the appellant that the books that he received were used and that pursuant to PBSP Operational Procedure (OP)#806 the inmate population may only receive new books. The SLR advised the appellant that pursuant to CDC Operations Manual Section (DOM) 54030.7 "Books and Periodicals, purchases and subscriptions shall be submitted according to local procedures and may be purchased for an inmate by a third party." Based upon the PBSP OP#806 the appellant is limited to new books. The appeal was denied at the SLR.

**III    DIRECTOR'S LEVEL DECISION:**  Appeal is denied.

    **A.    FINDINGS:**  The documentation and arguments presented are persuasive that the appellant has failed to support his appeal issue with sufficient evidence or fact to warrant a modification of the SLR. The California Penal Code Section (PC) 5058 authorizes the Director CDCR to prescribe and amend rules and regulations within the CDCR. The inmate property regulations were revised effective March 2, 2005 and again on December 30, 2005. The appellant's claim that PBSP is inappropriately denying his request to obtain books is without merit. The DOM 54030 clearly articulates the approved property procedures and that PBSP is authorized to create local procedures relative to procuring books. Pursuant to California Code of Regulations, Title 15, Section (CCR) 3380 the warden of an institution of the department is the chief executive officer of that institution, and is responsible for the custody, treatment, training and discipline of all inmates under his or her charge. Based upon this directive the Warden of PBSP has enacted procedures to meet the appellant's request and the appellant must adhere to them. Therefore no relief is provided at the Director's Level of Review.

    **B.    BASIS FOR THE DECISION:**
CCR: 3000, 3001, 3006, 3084.1, 3190, 3191, 3193, 3270, 3380
DOM: 54030.1, 54030.7

    **C.    ORDER:**  No changes or modifications are required by the institution.

BERNAL, T-53154
CASE NO. 0617345
PAGE 2

This decision exhausts the administrative remedy available to the appellant within CDCR.

N. GRANNIS, Chief
Inmate Appeals Branch

cc:    Warden, PBSP
       Appeals Coordinator, PBSP

**INMATE/PAROLEE
APPEAL FORM**
CDC 602 (12/87)

Location: Institution/Parole Region   Log No.   Category

1. PBSP   B-07-01027   5/1

2. _____   2. _____

You may appeal any policy, action or decision which has a significant adverse affect upon you. With the exception of Serious CDC 115s, classification committee actions, and classification and staff representative decisions, you must first informally seek relief through discussion with the appropriate staff member, who will sign your form and state what action was taken. If you are not then satisfied, you may send your appeal with all the supporting documents and not more than one additional page of comments to the Appeals Coordinator within 15 days of the action taken. No reprisals will be taken for using the appeals procedure responsibly.

| NAME | NUMBER | ASSIGNMENT | UNIT/ROOM NUMBER |
|---|---|---|---|
| Steven Bernal | T-53154 | | 128 B-4-128 |

**A. Describe Problem:** On 4-26-07, 17 Books from the University of Puerto Rico and 1 calender were mailed to me and processed through, by the P.R.S.P. R&R department. On 4-27-07, an unknown c.o from the R&R dept came to B-yard 4 Block delivering packages. Although I was at the specialty clinic, the c.o gave my celly a property disposition form, for me, and explained that the 17 Books were disallowed because they came from a non-approved vendor plus some books were "used". The property disposition form does not contain any signature or mention the c.o who initiated this action, nor does it cite any rule or regulation substantiating the proposed reasons for disallowing the books. The c.o, who delivered the packages on 4-27-07, stated that attempts at 602's would affect future R&R processing.

If you need more space, attach one additional sheet.

**B. Action Requested:** To Recieve 10 of the 17 Books sent from The University of Puerto Rico And To Recieve my CALENDER and To STOP These Arbitrary unconstitutional censureships

Inmate/Parolee Signature: _____   Date Submitted: _____

**C. INFORMAL LEVEL (Date Received:** 5-2-07 )

**Staff Response:** Denied, see Attached Copy of the operational procedure #806 which clearly states Books must be new and sent from Approved vendor or publisher, maybe only (1) Book is not used But All the Rest are used, But we need to be able to verify that you purchsed this order from vendor or publisher, but there is no receipt or invoice. So this package is contraband and you need to pay to mail package out or have items Disposed.

**Staff Signature:** _____   Date Returned to Inmate: 5-2-07

**D. FORMAL LEVEL**
If you are dissatisfied, explain below, attach supporting documents (Completed CDC 115, Investigator's Report, Classification chrono, CDC 128, etc.) and submit to the Institution/Parole Region Appeals Coordinator for processing within 15 days of receipt of response.

RESUBMIT on the Above grounds STIPULATED, in The 602, ALSO 806 of the OP #7 says That Books MAY Be Donated to An INMATE, I UNDERLINED Both INSTANCES. Furthermore More Then 1 of Those Books were new as well as my CALENDER And UNIVERSITIES meet the c.c.R.'s criteria, So, i Don't need An INVOICE or Verification of Anythig

Signature: _____   Date Submitted: 5-2-07.

Note: Property/Funds appeals must be accompanied by a completed
Board of Control form BC-1E, Inmate Claim

CDC Appeal Number:

MAY 03 2007   MAY 22 2007
1ST AWCS   2ND APPEALS

First Level    ☐ Granted    ☐ P. Granted    ☒ Denied    ☐ Other _____

E. REVIEWER'S ACTION (Complete within 15 working days): Date assigned: __5-3-07__    Due Date: __6-15-07__

Interviewed by: _S. BRADLEY   5-8-2007_

_____

_____

_____

_____

Staff Signature: _____    Title: Caption    Date Completed: __5/14/37__

Division Head Approved:    Signature: _____    Title: Aw    Returned Date to Inmate: __5-18-07__

F. If dissatisfied, explain reasons for requesting a Second-Level Review, and submit to Institution or Parole Region Appeals Coordinator within 15 days of receipt of response.

To the findings stipulated, I talked to S.6.T. Bradly who said only 3-4 books appeared used. I request any 10 of my books that are "not used" furthermore for the purposes of exhaustion I challenge the cited Rule of op: 806 commandments (new Books only) as it's unconstitutional violating #4th and 1st Amendments As this poses no security or economic strain on the prison. Stafford and 14th Amendment

Signature: Stafford    Date Submitted: __5-21-07__

Second Level    ☐ Granted    ☒ P. Granted    ☐ Denied    ☐ Other _____

G. REVIEWER'S ACTION (Complete within 10 working days): Date assigned: __5-22-07__    Due Date: __6-20-07__

☒ See Attached Letter

Signature: _D. Samples, CCII_    Date Completed: __6-11-07__

Warden/Superintendent Signature: _____    Date Returned to Inmate: __6-18-07__

H. If dissatisfied, add data or reasons for requesting a Director's Level Review, and submit by mail to the third level within 15 days of receipt of response.

RESUBMIT on the grounds stipulated on the 602. In response to Warden Horels (P.B.S.P. Warden) findings. I present the argument under 2) issues. D. that pursuant to the 2006 court cas. Prison legal news V. California Dept. of Corr. the CDCR. agreed to stop using "Approved vender status" in Allowing Books to come in. 2) P.B.S.P. - (see attached 602 cont.)

Signature: _____    Date Submitted: __6-18-07__

For the Director's Review, submit all documents to: Director of Corrections
P.O. Box 942883
Sacramento, CA 94283-0001
Attn: Chief, Inmate Appeals

DIRECTOR'S ACTION:    ☐ Granted    ☐ P. Granted    ☒ Denied    ☐ Other _____
☐ See Attached Letter

Date: SEP 2 3 2007

CDC 602 (12/87)

## FIRST LEVEL APPEAL RESPONSE

RE:     PELICAN BAY STATE PRISON
        Appeal Log No. PBSP-B07-01027
        First Level Reviewer's Response

**INMATE NAME:**     BERNAL T-53154

**APPEAL DECISION:   DENIED**

**APPEAL ISSUE:**

BERNAL is requesting he be issued ten books and a calendar from a box of books sent to him, he claims, from the University of Puerto Rico.

**APPEAL RESPONSE:**

A review of your appeal has been completed.  Your complaint, including your requested remedial action, has received careful consideration.  Correctional Sergeant S. Bradley was assigned to investigate your allegations at the First Level.

BERNAL was interviewed on May 8, 2007, and stated that colleges do have a mail order business and anyone can buy books from them; therefore, the college meets the criteria as an approved vendor.  BERNAL had no further information to add.

The California Code of Regulations (CCR), Title 15, Section 3138, states in part; (f) Publications. (1) Publications are reproduced, handwritten, typed/printed, and/or pictorial materials including books, periodicals, newspapers, and pamphlets. Inmates may subscribe to newspapers, periodicals, and purchase soft cover books.  All publications shall be sent directly from a publisher or bookstore which does mail order business, with the exception of donations, which are not otherwise prohibited. Any exceptions must be authorized by the institution head.

Department Operations Manual (DOM), Section 54030.7.1, Processing Disapproved Property, states in part; books and periodicals, purchases and subscriptions shall be submitted according to local procedures and may be purchased for an inmate by a third party.  (NOTE: For purposes of this section, a departmentally-approved vendor is any publisher or bookstore that does mail order business as outlined in the CCR, Title 15, Section 3138(f)(1).)

Both the CCR and the DOM clearly state the institution head has overall responsibility regarding policies and procedures for books and periodicals.  Operational Procedures (OP) No. 806, Inmate Personal Property Plan includes the policies for acquiring books at Pelican Bay State Prison.

OP 806, Section F, No. 7, Books and Periodicals, states in part:

"Books, periodicals, publications, other written material, including correspondence courses, may be purchased by the inmate; purchased for the inmate by a third party; or donated directly to an inmate.  For books, periodicals, and publications that are purchased for an inmate by a third party or donated to an inmate, the Mailroom and/or applicable property room are only required to process those items that are sent directly from an approved vendor.  Family members cannot send books, periodicals, or publications

BERNAL, T-53154
First Level Reviewer's Response
Appeal Log No. PBSP-B07-01027
Page 2

directly to an inmate and state they are a donation. Furthermore, books periodicals, or publications that are mailed from a recognized religious bookstore shall be considered as coming from an authorized vendor. The Chaplain will only be required to distribute publications that are sent to the prison for donation to unspecified inmates.

Books must be new and sent directly from a departmentally-approved vendor or publisher. An approved vendor is a publisher or bookstore that does mail order business and is licensed in the primary business of selling books, newspapers, periodicals, or written text. If the sender's identity cannot be positively identified as originating from a legitimate book vendor, the book(s) will be returned to the sender at the inmate's expense. Vendor verification may be determined by the senders return address and/or accompanied with a purchase order from the vendor."

BERNAL is correct in his assertion that books can be donated to inmates; however, OP 806 clearly states the books must be new and come from an approved vendor. The First Level Reviewer inspected the books in question. There are 17 books all varying in condition and subject. Some of them are clean, while others are water damaged with spots of mold. They all appear to be discarded from a library or a classroom.

The First Level Reviewer looked up the University of Puerto Rico on the internet, there was a library webpage where students could check out books; however, there did not appear to be a bookstore for the purchase of the books. This is not to say there is no bookstore, but it is questionable if the bookstore does a mail order business as prescribed by the CCR, Title 15, Section 3190, and the DOM, Section 54030.

## FINDINGS:

A thorough review of the allegation presented in this complaint has been completed. The books are being denied based on the fact that they are used. It is noted that not all the books are used; however, the majority of them are used. All items are to be returned to the sender or disposed of in accordance with the CCR, Title 15, Section 3191, and DOM, Section 54030.12.2.

If BERNAL does not agree with the First Level Review, he must submit the appeal within 15 working days of receiving an unacceptable lower level appeal decision.

Based on the above, your appeal is **DENIED** at the First Level of Review.

C. E. DUCART       5/14/07
C. E. DUCART       Date
Correctional Captain
Central Services

M. D. YAX       5/15/07
M. D. YAX       Date
Associate Warden
Central Services

| PELICAN BAY STATE PRISON |
| SECOND LEVEL REVIEW |

DATE:    **JUN 1 3 2007**

Inmate BERNAL, T-53154
Pelican Bay State Prison
Facility B, General Population
Building 4, Cell 128

RE: WARDEN'S LEVEL DECISION                    APPEAL: PARTIALLY GRANTED
     APPEAL LOG NO. PBSP-B-07-01027            ISSUE: PROPERTY

This matter was reviewed by ROBERT A. HOREL, Warden, at Pelican Bay State Prison (PBSP). Correctional Sergeant S. Bradley, Receiving & Release (R&R), interviewed the inmate on May 8, 2007, at the First Level of Appeal Review.

### ISSUES

Inmate Bernal is requesting to be issued ten books and a calendar that were previously disallowed.

### FINDINGS

I

On April 26, 2007, a notification was issued to the inmate informing him that seventeen used books and a calendar were being disallowed since they were received from an unauthorized vendor. However, the inmate disputes the basis for the disallowance claiming the items were donated to him by the University of Puerto Rico which does mail order business; therefore, qualifying them as an approved vendor.

II

The First Level Reviewer inspected the books and confirmed a majority of the books were used. Contact was also made with the University of Puerto Rico's internet site, but there was no evidence that they conducted mail order business.

III

The Departmental Operations Manual (DOM), Section 54030.7, states books shall be purchased according to local procedures.

The California Code of Regulations, Title 15, Section 3138 (f) (1), states publications shall be sent directly from a publisher or book store which does mail order business.

The Operational Procedure, #806, Inmate Personal Property Plan, Section VI. F7, states books must be new and sent directly from a departmentally approved vendor or publisher. An approved vendor

Supplement Page 2
BERNAL, T-53154
Appeal # PBSP-B-07-01027

is a publisher or bookstore that does mail order business and is licensed in the primary business of
selling books, newspapers, periodical or written text.

## DETERMINATION OF ISSUE

The inmate pursues his appeal to the Second Level of Review disputing the institutional
requirement that the donated books be new. However, the departmental regulations also require
publications be sent from a publisher or bookstore that conducts mail order business.

Nevertheless, the inmate is authorized to possess the calendar in accordance with the DOM, Section
54030.17.7 as the same restrictions that apply to books do not apply to calendars.   Sergeant
S. Bradley, R&R, was contacted and agreed to have the calendar issued to the inmate; therefore, the
APPEAL IS PARTIALLY GRANTED.

As this appeal has been partially granted at the Second Level of Review, the inmate has fifteen days
from the date of this response to inform R&R staff concerning his decision on the disposition of the
books that were disallowed.  If the inmate wishes to send the disallowed property to someone
outside of the institution, he must provide a signed trust withdrawal sufficient to cover the cost of
shipping with the address of the person he wishes the property to be sent.  If the inmate does not
comply with this direction, staff will make the decision on the disposition of the books.

## MODIFICATION ORDER

No modification of this action or decision is required.

ROBERT A. HOREL
Warden

BDS #58 6-11-07

602 Cont..

The general mail Regulations of the C.C.R.15, include Books under the publications. qualifications. C.C.R.15 §3138 (a),(F),(I). this regulation stipulates only that "... inmates may... purchase soft cover Books. All publications (Books) shall be sent directly from a publisher or Bookstore which does mail order Buisness with the exception of donations which are not otherwise prohibited. The University of Puerto Rice's status as an organization that publishes and provides published material as well as a status of a Bookstore that conducts mail order Buisness cannot be in question. Every university both Publish materials, carry published materials, and conducts mail order Buisness through their University Bookstores, as well the university Publishing houses this right to recieve Books and publications is codified under state law in PC§5058, under Case law Procunie V. Martinez (1974) 416. U.S. 396, and Bell v. wolfish (1979) 99.S.CT. 1861,3190, And is federally protected by the U.S. Constitutions, 1st,14th Amendments.

The basis for the disallowance of my books is based on C.C.R 15§ 3044,(1 although no C.O. (R§R) cited this regulation, they only wrote "Books recieved from non-approved vendor. this regulation as cited does not pertain to books, as there is no such catalog of approved vendors soliciting sales of Books in P.B.S.P. policy. Conversly In 2002, P.B.S.P administration released a memo that no longer would Book sales be required to be pre-approved, only that when acquiring books, abide by the C.C.R.15§3(3F(a),(F),(I),(2). So there is no sustaniate this claim.

In C.C.R.15§ 3044 (7) the regulation states that "inmates may possess only the personal property, materials....up to the maximum amount, recieved or obtained from authorized Sevices as permitted in these regulations. nowhere does this prohibit recieving books from universities, since universities satisfy the elements of C.C.R.15§3138,(a),(F),(I),(2) nor have I ever recieved a disallowance from R§R ove Books sent from university's used or old. this censureship is unsubstaniated, unjustifie and prohibited, By rules, regulations, case law, and Constitutional guarentees retained by prisoners. I understand the maximum amount of Books allowed is 10, so I request (these sent) Any 10 Books of the 17, and the rest of the 7. To Be donated to P.B.S.P's Arts §Corrections

(To be sent MMA)

creative writing classes. I request also my calender. I dont care what 10 books I recieve, so long as I recieve them. Also the unknown c.o. delivering packages 4-27-07 stated that some Books are old. P.B.S.P allows organizations to recieve donate books to inmates that are not always new. This has never been a problem for me. C.C.R 15§ 3138, (a2),(f),(1),(52) does not differentiate Between the purchase of new books or the discounted sales of used or returned Books, so long as the sender abides by this regulation. It prohibits even the college education programs at Coastline Community College for P.B.S.P sells discounted Books that have been used, returned, or just old. Forcing inmates To pay exorbitant prices for university Books limits the less financially resourced inmates from educating and rehabilitating themselves which is one primary objective of Correctional instrutions. C.C.R 15§ 3270. General policy..." to afford such persons (Persons committed to the department) with every reasonable opportunity and encouragement to participate in rehabilitative activities." P.B.S.P does not have the resources to afford every inmate Rehabilitative and educational services, it does not have the resources to even afford reasonable opportunities or encouragement to 10% of its inmates. This arbitrary censureship is unjustified, unwarrented, unsubstantiated by any rule or regulation, but most of all stifles the primary objectives of which the correctional institutions propose to have ultimately however this censureship is unconstitutional since it relies not on any rule, regulation, or code, on the contrary it ignores them, But is Based on the arbitrary decision of one PsR c.o. As I have said I request to recieve any 10 Books of the 17, to donate the Rest of the 7 and To P.B.S.P Art's and corrections, creative writing class, To recieve my calender and to stop these arbitrary practices against me.

efficiently, the following will apply:

a.  Inmates will conserve energy whenever possible by minimizing lighting in occupied cells by turning off cell lights and appliances when exiting their cells.

b.  Staff are directed to ensure that inmates are informed of these expectations and the process that enforces compliance.

Loaner Appliance

No appliances will be provided on a Loan Program with the exception of Education, Pre-release, and Psychiatric Services Unit.

7.  Books and Periodicals

Books, periodicals, publications, other written material, including correspondence courses, may be purchased by the inmate; purchased for the inmate by a third party; or donated directly to an inmate. For books, periodicals, and publications that are purchased for an inmate by a third party or donated to an inmate, the Mailroom and/or applicable property room are only required to process those items that are sent directly from an approved vendor. Family members cannot send books, periodicals, or publications directly to an inmate and state they are a donation. Furthermore, books periodicals, or publications that are mailed from a recognized religious bookstore shall be considered as coming from an authorized vendor. The Chaplain will only be required to distribute publications that are sent to the prison for donation to unspecified inmates.

Books must be new and sent directly from a departmentally approved vendor or publisher. An approved vendor is a publisher or bookstore that does mail order business and is licensed in the primary business of selling books, newspapers, periodicals, or written text. If the sender's identity cannot be positively identified as originating from a legitimate book vendor, the book(s) will be returned to the sender at the inmate's expense. Vendor verification may be determined by the senders return address and/or accompanied with a purchase order from the vendor.

The Mailroom will determine if the incoming United States Postal Service (USPS) mail meets the book vendor criteria (as noted above), then forward the package to R&R for distribution. Book(s) that violate departmental rules and regulations, do not have vendor documentation, and/or, the origin cannot be determined will be retained in the Mailroom and a CDC 1819 will be submitted for disapproval. R&R/Satellite Property

Director of Corrections.

Im sending this 602 in regards to the response I
Recieved from WARDEN HOREL. This includes 2) issues.

    1). Disallowing My Books sent from the university
    of Puerto Rico. Because the University of Puerto
    Rico is not AN APPROVED VENDOR.

    2). Disallowing My Books Because P.B.S.P. policy
    PROHIBITS "used" Books from Being sent By
    Approved vendors.

I included Another page Titled "Direct Review-3rd level
602 cont." To effectively respond to WARDEN Horel's DETERMINATION
which is PARTIALLY granted by disallowing My Books But
Allowing MY CALENDER. I Also included The name of The
EDITORIAL House of the university that PUBLISHES Books And
MATERIALS AS well AS one of the websites of The university
of Puerto Rico THAT links To The university Bookstore And
Instructs on mail order and internet order. I Just Dont
understand how Any university can Be prohibited from sending
in Books To inmates free. which effectually concludes my
602.

    Thank you.

DIRECT Review - 3RD level 602 cont

HAS INSTITUTED AN UNCONSTITUTIONAL Policy OF DISALLOWING Books from coming into the prison To inmates even if they are sent from AN "APPROVED" VENDOR ON The SoLE BASIS THAT They are "used"

1) i should Recieve 10 of The 17 Books BecAuse The University of Puerto RiCo publishes AND CARRIES Books, MATIERIALS for SALE (MAIL ORDER) PERSUANT To C.C.R 1533138 (f)(1).

UNDER The 1st level Review, I WAS interviewed By SGT BRADLy. I INForMED HIM THAT The University CONDUCTS MAIL ORDER BUISNESS AND THAT I HAD A CATALOG/ ORDER form ready for HIM THAT WAS ready to Be MAILED OUT. HE STATED THAT WAS NOT NECESSAry SINCE 3 Books WERE "USED". I ASKED How HE confirmed THAT AND HE SAID 3 Books contained UNIVERSITY of PUERTO Rice STAMPS. The 1ST level Reviewer then looked up The University of PUERTO Rice on The internet AND SAID "IT DID not APPEAR To BE A Bookstore for The Purchase of the Books. This is A LIE AS I HAVE SAID AT The interview the UNIVERSITY of PUERTO RICO PUBLISHES MATIERIALS AND Books, UNDER The "EDITORIAL UNIVERSITALIA PUERTO RICO: Rio PIEDRAS." for SALE AND MAIL order Buisness included (This is TRANSLATED The UNIVERSITY of PUERTO RiCo EDITORIAL: Rio PiEDRAS). This LINK is EASILy ACCESSIBLE Through one of The MANY UNIVERSITY WEB PAGES. I presented SGT BRADLy with the LIBRARY WEBSITE I KNEW for The SPECIFIC REASONS THAT IT HAD links TO AVAILABLE TITLES for SALE with INSTRUCTIONS ON MAIL/INTERNET order. The WEBSITE I KNEW is http://www.pupr.edu although There Are MANY They ALL contain LINKS for The purchase of Books AS DO ALL UNIVERSITIES. IF IT DID not "APPEAR" To HAVE A BookStore MAYBE BECAUSE SGT. BRADLy is unfamiliar with the SPANISH language. MoRE OVER in PRISON legal news V. Schwartzenegger U.S. D.C. No CA. No: C07-02058 MEJ. The C.D.C.R. Agreed To STOP requiring PUBLISHERS To OBTAIN "APPROVED VENDOR STATUS." The P.B.S.P. ADMINISTRATION ignores DOM'S 54010.8 (E

INSTEAD CITE DOM 54030.7. The very fact that the University of Puerto is an institution of higher learning. That publishes its own Book titles and materials, that conducts mail order buisness/internet buisness, as well as individual donations to indigent inmates on occassion there is no reason that my Books should have been disallowed.

2) In Exhausting Administration Remedies Prior to Judical Review. I argue against P.B.S.P.'s policy of disallowing my Books on the Basis that the majority were "used". This policy is unconstitutional violating the 1st, 5th, And 14th Amendments. Nowhere in the C.C.R.15 does it state that books must be new to be allowed into the prison. This is an arbitrary abuse of power specifically targets, marginalizes, And prevents indigent prisoners from self-education and self-Rehabilitation through education that is not offered to inmates as policy such as, Political, economical, And sociological education as an indigent inmate must seek help from willing organizations and universities as it is the college Curriculum offered here is only available to inmates who can afford the $100+ cost of Book and materials. Allowing "used" Books to come in from organizations, universities, publishers, E.T.C. poses no difference then if the Books were "new" theres no extra security risk since they come from the places Already allowed. They stress Absolutely no economic strain on the Prison institution. disallowing "used" books serves no penological interest since as inmates we can purchase the _same_ Books (new) from the _same_ places if we have the financial resources. This is Just an arbitrary abuse of power from the P.B.S.P. Administration directed toward the indigent Prison population for no apparent Reason.

Steven Bernal, Pro se litigant

C.D.C.#T-53154

P.B.S.P. P.O.Box 7500.

CRESCENT CITY, CA.95532.


UNITED STATES DISTRICT COURT

NORTHERN DISTRICT of CALIFORNIA.


| Steven Bernal PLAINTIFF | CASE NO: |
|---|---|
| V. | SUMMONS. |
| Robert HOREL, WARDEN | |
| S. BRADLEY, R&R Sgt. | |
| C.E.DUCART. CEN.SERV. CPT. Defendants | |


TO: Defendant Robert Horel Warden of P.B.S.P.


You are hereby summoned and required to serve upon plaintiff Steven Bernal, whose address is P.B.S.P, P.O.B. 7500, CRESCENT city, CA 95532, an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you. if you fail to do so, judgement by default will be taken against you for the relief demanded in the complaint.

_____

Clerk of the Court


DATED: _____

STEVEN Bernal Pro Se litigant

C.D.C. # T-53154

P.B.S.P. P.O.Box. 7500

CRESCENT CITY, CA. 95532.

UNITED STATES DISTRICT COURT,

NORTHERN DISTRICT Court of CALIfornia,

STEVEN Bernal.
            Plaintiff

v .

Robert Horel, WARDEN.

S. BRADLEY. R&R. Sgt.

C.E. DUCART. CEN. SERV. CPT.
            Defendants

CASE NO:

SUMMONS.

To. Defendant   S. BRADLEY. R&R Sgt. P.B.S.P.

You are hereby summoned and required to serve upon plaintiff STEVEN Bernal, whose address is P.B.S.P., P.O.Box 7500. CRESCENT CITY, CA. 95532; an answer to the complaint which is herewith served upon you, within 20 days. if you fail to do so, judgement by default will be taken against you for the relief demanded in the complaint.

_____

Clerk of the court.

DATED: _____

Steven Bernal Pro Se litigant.

C.D.C. # T-53154.

P.B.S.P. P.O.B.7500

CRESCENT CITY. CA.95532.


UNITED STATES DISTRICT COURT.

NORTHERN DISTRICT COURT of CALIFORNIA.


Steven Bernal

PLAINTIFF

CASE NO:

v.

SUMMONS.

ROBERT HOREL. WARDEN.

S.BRADLEY. R&R.Sgt.

CE.DUCART. CEN.SERV.CPT.

Defendants


To: Defendant C.E. DUCART. CENTRAL SERVICE CAPTAIN. P.B.S.P.


You are hereby summoned and required to Serve upon plaintiff
Steven BERNAL, whose address is. P.B.S.P, P.O.B.7500, CRESCENT CITY.CA.
95532, an answer to the complaint which is herewith served
upon you, within 20 days after service of this summons upon you.
If you fail to do so, judgement by default will be taken against
you for the relief demanded in the complaint.

_____

CLERK of the COURT.

DATED: _____

JS 44 - CAND (Rev. 11/04)

**CV  08      00644** CRB

## CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON PAGE TWO.)

**I.(a) PLAINTIFFS**
Steven Bernal

**DEFENDANTS** Robert Horel, warden P.B.S.P. ET. AL.

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF Del norte
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT Del norte.
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER) 95532
Pro Per.  P.B.S.P., P.O. B.7500 Crescent City, CA

ATTORNEYS (IF KNOWN)

**II. BASIS OF JURISDICTION** (PLACE AN 'X' IN ONE BOX ONLY)

☐ 1 U.S. Government Plaintiff

☒ 3 Federal Question
(U.S. Government Not a Party)

☐ 2 U.S. Government Defendant

☐ 4 Diversity
(Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (PLACE AN 'X' IN ONE BOX FOR PLAINTIFF
(For diversity cases only)                    AND ONE BOX FOR DEFENDANT)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒1 | ☒1 | Incorporated or Principal Place of Business in This State | ☐4 | ☐4 |
| Citizen of Another State | ☐2 | ☐2 | Incorporated and Principal Place of Business in Another State | ☐5 | ☐5 |
| Citizen or Subject of a Foreign Country | ☐3 | ☐3 | Foreign Nation | ☐6 | ☐6 |

**IV. ORIGIN** (PLACE AN "X" IN ONE BOX ONLY)

☒ Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transfered from Another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

**V. NATURE OF SUIT** (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐610 Agriculture | ☐422 Appeal 28 USC 158 | ☐400 State Reapportionment |
| ☐120 Marine | ☐310 Airplane | ☐362 Personal Injury | ☐620 Other Food & Drug | ☐423 Withdrawal 28 USC 157 | ☐410 Antitrust |
| ☐130 Miller Act | ☐315 Airplane Product Liability | Med Malpractice | ☐625 Drug Related Seizure of Property 21 USC 881 | | ☐430 Banks and Banking |
| ☐140 Negotiable Instrument | ☐320 Assault Libel & | ☐365 Personal Injury Product Liability | ☐630 Liquor Laws | **PROPERTY RIGHTS** | ☐450 Commerce/ICC Rates/etc. |
| ☐150 Recovery of Overpayment & Enforcement of Judgment | Slander | ☐368 Asbestos Personal Injury Product Liability | ☐640 RR & Truck | ☐820 Copyrights | ☐460 Deportation |
| ☐151 Medicare Act | ☐330 Federal Employers Liability | | ☐650 Airline Regs | ☐830 Patent | ☐470 Racketeer Influenced and Corrupt Organizations |
| ☐152 Recovery of Defaulted Student Loans (Excl Veterans) | ☐340 Marine | **PERSONAL PROPERTY** | ☐660 Occupational Safety/Health | ☐840 Trademark | ☐480 Consumer Credit |
| | ☐345 Marine Product Liability | ☐370 Other Fraud | ☐690 Other | **SOCIAL SECURITY** | ☐490 Cable/Satellite TV |
| ☐153 Recovery of Overpayment of Veterans Benefits | ☐350 Motor Vehicle | ☐371 Truth in Lending | **LABOR** | | ☐810 Selective Service |
| ☐160 Stockholders Suits | ☐355 Motor Vehicle Product Liability | ☐380 Other Personal Property Damage | ☐710 Fair Labor Standards Act | ☐861 HIA (1395ff) | ☐850 Securities/Commodities/Exchange |
| ☐190 Other Contract | ☐360 Other Personal Injury | ☐385 Property Damage Product Liability | ☐720 Labor/Mgmt Relations | ☐862 Black Lung (923) | ☐875 Customer Challenge 12 USC 3410 |
| ☐195 Contract Product Liability | | | ☐730 Labor/Mgmt Reporting & Disclosure Act | ☐863 DIWC/DIWW (405(g)) | ☐891 Agricultural Acts |
| ☐196 Franchise | | | ☐740 Railway Labor Act | ☐864 SSID Title XVI | ☐892 Economic Stabilization Act |
| | | | ☐790 Other Labor Litigation | ☐865 RSI (405(g)) | ☐893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐791 Empl.Rel. Inc. Security Act | **FEDERAL TAX SUITS** | ☐894 Energy Allocation Act |
| ☐210 Land Condemnation | ☐441 Voting | ☐510 Motion to Vacate Sentence Habeas Corpus: | | ☐870 Taxes (US Plaintiff or Defendant | ☐895 Freedom of Information Act |
| ☐220 Foreclosure | ☐442 Employment | ☐530 General | | ☐871 IRS - Third Party 26 USC 7609 | ☐900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐230 Rent Lease & Ejectment | ☐443 Housing | ☐535 Death Penalty | | | |
| ☐240 Torts to Land | ☐444 Welfare | ☐540 Mandamus & Other | | | ☐950 Constitutionality of State Statutes |
| ☐245 Tort Product Liability | ☐440 Other Civil Rights | ☒550 Civil Rights | | | ☐890 Other Statutory Actions |
| ☐290 All Other Real Property | ☐445 Amer w/ disab - Empl | ☐555 Prison Condition | | | |
| | ☐446 Amer w/ disab - Other | | | | |

**VI. CAUSE OF ACTION** (CITE THE US CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)

**VII. REQUESTED IN COMPLAINT:** ☐ CHECK IF THIS IS A CLASS ACTION
UNDER F.R.C.P. 23
DEMAND $ 2,000,000 ☐CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ YES ☐ NO

**VIII. RELATED CASE(S) IF ANY**
PLEASE REFER TO CIVIL L.R. 3-12 CONCERNING REQUIREMENT TO FILE "NOTICE OF RELATED CASE".

**IX. DIVISIONAL ASSIGNMENT (CIVIL L.R. 3-2)**
(PLACE AND "X" IN ONE BOX ONLY)        ☒ SAN FRANCISCO/OAKLAND        ☐ SAN JOSE

DATE 1-11-08
SIGNATURE OF ATTORNEY OF RECORD  Steven Bernal (Pro per.)

NAME: Steven Bernal

CDC NO: T-53154 HOUSING: B-4-128.

PELICAN BAY STATE PRISON
P.O. BOX 7500
CRESCENT CITY, CA 95532

UNITED STATES POSTAGE
$ 04.60°
02 1N
0004217966   JAN14 2008
MAILED FROM ZIP CODE 95531

PELICAN BAY STATE PRISON
5905 Lake Earl Dr
Crescent City CA 95532

RECEIVED

JAN 16 2008

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

U.S. COURTHOUSE
450 GOLDEN GATE AVE.
SAN FRANCISCO, CA 94102-3483

LEGAL MAIL