IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN BERNAL, </br></br> Plaintiff(s), </br></br> v. </br></br> ROBERT HOREL, et al., </br></br> Defendant(s). | No. C 08-0644 CRB (PR) </br></br> ORDER OF SERVICE |

Plaintiff, a prisoner at Pelican Bay State Prison ("PBSP"), has filed a pro se civil rights complaint under 42 U.S.C. § 1983 alleging that the censorship of 17 books donated to him by the University of Puerto Rico violated his First Amendment rights. He seeks injunctive and monetary relief.

**DISCUSSION**

A.  Standard of Review

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." Id. § 1915A(b). Pro se pleadings must be liberally construed, however. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. West v. Atkins, 487 U.S. 42, 48 (1988).

B.   Legal Claims

Regulations limiting prisoners' access to publications or other information are valid only if they are reasonably related to legitimate penological interests. See Thornburgh v. Abbott, 490 U.S. 401, 413 (1989) (citing Turner v. Safley, 482 U.S. 78, 89 (1987)). Plaintiff alleges that the 17 books at issue were disallowed based on two unconstitutional regulations – a ban on books from non-approved vendors and a ban on used books. Liberally construed, plaintiff's allegations appear to state a cognizable § 1983 claim for violation of the First Amendment and will be served on the named defendants. Cf. Ashker v. CDC, 350 F.3d 917, 923-24 (9th Cir. 2003) (policy requiring vendors to send books with a prison-provided vendor label was not rationally related to security concerns, where separate policy required all books to be sent directly from vendors, all personal property received by inmates was searched prior to delivery, and there was no label requirement imposed on other vendors, whose goods could also be used to smuggle in contraband).

**CONCLUSION**

For the foregoing reasons and for good cause shown,

1.   The clerk shall issue summons and the United States Marshal shall serve, without prepayment of fees, copies of the complaint in this matter, all attachments thereto, and copies of this order on the named defendants at PBSP. The clerk also shall serve a copy of this order on plaintiff.

2

   2. In order to expedite the resolution of this case, the court orders as follows:

    a. No later than 90 days from the date of this order, defendants shall file a motion for summary judgment or other dispositive motion. A motion for summary judgment shall be supported by adequate factual documentation and shall conform in all respects to Federal Rule of Civil Procedure 56, and shall include as exhibits all records and incident reports stemming from the events at issue. If defendants are of the opinion that this case cannot be resolved by summary judgment or other dispositive motion, they shall so inform the court prior to the date their motion is due. All papers filed with the court shall be served promptly on plaintiff.

    b. Plaintiff's opposition to the dispositive motion shall be filed with the court and served upon defendants no later than 30 days after defendants serve plaintiff with the motion.

    c. Plaintiff is advised that a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case. Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact--that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradicts the facts shown in the defendant's

1  declarations and documents and show that there is a genuine issue of material
2  fact for trial.  If you do not submit your own evidence in opposition, summary
3  judgment, if appropriate, may be entered against you.  If summary judgment is
4  granted, your case will be dismissed and there will be no trial.  Rand v. Rowland,
5  154 F.3d 952, 962-63 (9th Cir. 1998) (en banc) (App A).

6        Plaintiff is also advised that a motion to dismiss for failure to exhaust
7  administrative remedies under 42 U.S.C. § 1997e(a) will, if granted, end your
8  case, albeit without prejudice.  You must "develop a record" and present it in
9  your opposition in order to dispute any "factual record" presented by the
10 defendants in their motion to dismiss.  Wyatt v. Terhune, 315 F.3d 1108, 1120
11 n.14 (9th Cir. 2003).

12       d.    Defendants shall file a reply brief within 15 days of the date
13 on which plaintiff serves them with the opposition.

14       e.    The motion shall be deemed submitted as of the date the
15 reply brief is due.  No hearing will be held on the motion unless the court so
16 orders at a later date.

17     3.    Discovery may be taken in accordance with the Federal Rules of
18 Civil Procedure.  No further court order is required before the parties may
19 conduct discovery.

20     4.    All communications by plaintiff with the court must be served on
21 defendants, or defendants' counsel once counsel has been designated, by mailing
22 a true copy of the document to defendants or defendants' counsel.

23     5.    It is plaintiff's responsibility to prosecute this case.  Plaintiff must
24 keep the court and all parties informed of any change of address and must comply
25 with the court's orders in a timely fashion.  Failure to do so may result in the
26 /
27
28                    4

1 | dismissal of this action pursuant to Federal Rule of Civil Procedure 41(b).
2 | SO ORDERED.
3 | DATED: June 23, 2008
  | /s/ CHARLES R. BREYER
4 | CHARLES R. BREYER
  | United States District Judge

G:\PRO-SE\CRB\CR.08\Bernal, S1.serve.wpd                5

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

STEVEN BERNAL,

        Plaintiff,

  v.

ROBERT HOREL et al,

        Defendant.
_____/

Case Number: CV08-00644 CRB

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on June 23, 2008, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Steven Bernal T-53154
Pelican Bay State Prison
P.O. Box 7500
Crescent City, CA 95532

State Attorney General's Office
455 Golden Gate Avenue
Ste 11000
San Francisco, CA 94102

Dated: June 23, 2008

                                  Richard W. Wieking, Clerk
                                  By: Barbara Espinoza, Deputy Clerk